# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MARTINES,<br><br>                Plaintiff,<br><br>     v.<br><br>TORRES-ROCHA, *et al.*,<br><br>                Defendants. | Case No.  1:24-cv-01563-JLT-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 15) |

   Plaintiff Enrique Martines ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The first amended complaint has not yet been screened.

   Currently before the Court is Plaintiff's motion for appointment of counsel, filed July 3, 2025.  (ECF No. 15.)  Plaintiff states that counsel should be appointed because he may state a cognizable claim for abuse of force by prison officers and violations of his due process rights related to his serious medical problem as an ADA prisoner and security needs.  Plaintiff cannot afford to pay attorney's fees or get a lawyer to represent him on a contingency basis because it can be difficult to find a lawyer for a case involving something that happened in prison.  Plaintiff's efforts to find a lawyer have been unsuccessful.  Plaintiff has exceptional circumstances for appointing a lawyer because is case is strong and has merit and he will not be able to make his claim and litigate his case on his own due to the complexity of the issues.  The

1

1 following issues also weigh in favor of Plaintiff's request: Plaintiff's inability to represent himself
2 due to lack of knowledge or understanding of federal civil law and local court rules, complexity
3 of CDCR administrative and medical rules issues, Plaintiff is illiterate with no education in
4 English or Spanish, Plaintiff and his paralegal inmate assistant are waiting to transfer to another
5 institution, and Plaintiff is a 75-year-old ADA inmate patient in a wheelchair who needs
6 assistance from an ADA worker. (*Id.*)

      Plaintiff is reminded that the filing fee has been paid and Plaintiff is not proceeding *in forma pauperis* in this action. The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

      Even if Plaintiff were proceeding *in forma pauperis* in this action, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.

      Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 15), is HEREBY DENIED. Plaintiff's first amended complaint will be screened in due course.

IT IS SO ORDERED.

   Dated:   **July 7, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE

2