UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MARTINES,<br><br>            Plaintiff,<br><br>     v.<br><br>TORRES-ROCHA, *et al.*,<br><br>            Defendants. | Case No.  1:24-cv-01563-JLT-BAM (PC)<br><br>ORDER STRIKING JUNE 26, 2025 FIRST AMENDED COMPLAINT<br>(ECF No. 13)<br><br>ORDER DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT INCLUDING ALL DEFENDANTS IN THIS ACTION<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Enrique Martines ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 30, 2025, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant Erica Castro for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendant. (ECF No. 12.)  The Court ordered Plaintiff to either file a first amended complaint curing the deficiencies identified by the Court or notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his claim against Defendant Erica Castro for excessive force in violation of the Eighth Amendment.  (*Id.* at 7.)

///

1

1   On June 26, 2025, Plaintiff filed a first amended complaint.  (ECF No. 13.)  Although the
2   first amended complaint listed Erica Castro as a defendant in the caption, the first amended
3   complaint contained no allegations against Defendant Castro.  (*Id.*)  On July 3, 2025, Plaintiff
4   also filed a "Notice to File a First Amended Complaint, and/or Notify Court of Willingness to
5   proceed on an Cognizable Claim."  (ECF No. 14.)  In this filing, Plaintiff stated that he wished to
6   file a first amended complaint and is agreeable to proceeding on a cognizable claim against
7   Defendant Erica Castro for excessive force in violation of the Eighth Amendment and also
8   cognizable claims against Defendants Torres-Rocha and Jesus Palafox for excessive force and
9   violation of the Eighth Amendment.  Plaintiff stated that the other two defendants, Jaylord
10  Permejo and Rudy Estrada, should be dismissed.  (*Id.*)

11  Based on these filings, the Court directed Plaintiff to clarify his intent by filing a written
12  response stating: (1) whether he wishes to proceed on his original complaint which **only** stated a
13  cognizable claim against Defendant Erica Castro for excessive force in violation of the Eighth
14  Amendment; **or** (2) whether he wishes to proceed on the filed first amended complaint which
15  only contains allegations against Defendants Torres-Rocha and Palafox.  (ECF No. 17.)

16  On July 28, 2025, Plaintiff filed a response clarifying his intent.  (ECF No. 18.)  Plaintiff
17  states that his intent was to file an amended complaint to include Defendants Torres-Rocha and
18  Jesus Palafox in the suit, and his understanding was that by adding Torres-Rocha and Jesus
19  Palafox as defendants in the amended complaint, Erica Castro would somehow still be included
20  given the original complaint.  Plaintiff intends to set forth claims of excessive force against
21  Defendants Torres-Rocha, Jesus Palafox, and Erica Castro, and the first amended complaint was
22  supposed to include these defendants.  (*Id.*)

23  Based on Plaintiff's filing, the Court finds it appropriate to strike the first amended
24  complaint filed on June 26, 2025, as it does not include all of the defendants and allegations
25  Plaintiff wishes to proceed against in this action.  Plaintiff will be granted an opportunity to file a
26  new first amended complaint, which must include **all defendants and the factual allegations**
27  **against them** in a single document.  Plaintiff is reminded that the first amended complaint must
28  contain all of the facts that he wishes to include against all the defendants he wishes to name in

2

1  this action.  **Plaintiff may not rely on allegations included in prior version of his complaint**.

2  Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

3  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

4  *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be

5  [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555

6  (citations omitted).

7  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

8  claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

9  "buckshot" complaints).

10  Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

11  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

12  complaint must be "complete in itself without reference to the prior or superseded pleading."

13  Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by

14  reference.

15  Accordingly, IT IS HEREBY ORDERED that:

16  1. Plaintiff's first amended complaint, filed June 26, 2025, (ECF No. 13), is STRICKEN
17     from the record;

18  2. The Clerk's Office shall send Plaintiff a complaint form;

19  3. Plaintiff's first amended complaint, **including all defendants and the factual allegations**
20     **against them**, is due within **thirty (30) days** from the date of service of this order; and

21  4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this**
22     **action will be dismissed for failure to prosecute and failure to obey a court order.**

23
24  IT IS SO ORDERED.

25  Dated:  **July 29, 2025**                    /s/ *Barbara A. McAuliffe*
26                                               UNITED STATES MAGISTRATE JUDGE

27

28

3