# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MARTINES,<br><br>        Plaintiff,<br><br>   v.<br><br>TORRES-ROCHA, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-1563-JLT-BAM (PC)<br><br>ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIMS<br><br>(ECF No. 20) |

Plaintiff Enrique Martines ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 20.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("SATF") where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Torres-Rocha, Sgt., (2) Jesus Palafox, correctional officer, (3) Erica Castro, correctional officer.

Plaintiff alleges excessive force in violation of the Eighth Amendment:

> On 11-30-23 Sgt Torres-Rocha assulted [sic] petitioner by removing petitioner by force from security of wheel-chair slamming petitioner to the ground causing many fractures to shoulder neck & arm, petitioner wasn't a threat, nor can petitioner walk due to ADA status. On 11-30-23 c/o Jesus Palafox assisted assault [sic] by violently removing petitioner from wheel-chair slamming petitioner to the ground using excessive force twisting and contorting petitioners body while petitioner wasn't a threat causes fracture's to petitioner's neck, arm shoulder. On 11/30/23 c/o Erica Castro while petitioner was sitting in wheel chair being physically assaulted by sgt. Rocha & c/o Palafox; took out her "snap stick" baton and struck petitioner in the head; repeatedly in which petitioner suffer's from constant head pain and untreated trauma. I'am [sic] a [sic] elderly man in my 70s and Spanish is my primary source of speech I fear for my life and safety at this prison under constant threat of delibrate [sic] indifference and fear of this administration; at SATF Corcoran State Prison. (unedited text.)

As remedies, Plaintiff seeks declaratory relief and compensatory and punitive damages.

**III.    Discussion**

       **Eighth Amendment – Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition of de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Id.* at 9–10 (citations and quotations omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).  What violates the Eighth Amendment is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Liberally construing the allegations in the first amended complaint, Plaintiff states a cognizable claim against Defendants Sgt. Torres-Rocha, Jesus Palafox, correctional officer, and Erica Castro, correctional officer, for excessive force for the incident on November 30, 2023.

///

3

**Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

## IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint, filed on August 18, 2025, states cognizable claims against Defendants Sgt. Torres-Rocha, Jesus Palafox, correctional officer, and Erica Castro, correctional officer, for excessive force for the incident on November 30, 2023.

Accordingly, it is HEREBY ORDERED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on August 18, 2025, against Defendants Sgt. Torres-Rocha, Sgt., Jesus Palafox, correctional officer, and Erica Castro, correctional officer, for excessive force for the incident on November 30, 2023, and
2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated: **August 21, 2025**        /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

4